OUTDOOR IDENTITIES, LLC,

      Plaintiff,                                                              Case No. 11-C-1161

      v.

FISHOUFLAGE APPAREL, LLC,
EVOLVED ANGLER, LLC,
FISHHEAD GEAR, LLC, and
JOHN T. MARQUEZ, JR.,

      Defendants.

## ORDER FOR INJUNCTION

Plaintiff Outdoor Identities, LLC, filed this action seeking damages and other relief against Defendants Fishouflage Apparel, LLC, Evolved Angler, LLC, Fishhead Gear, LLC, and John T. Marquez, Jr., for trademark infringement and related claims. According to the complaint, Outdoor Identities is the owner of the federally registered trademark "Fishouflage." Since 2009, fishing gear and apparel – including clothes, bags, headwear, and accessories – have been designed and manufactured for Outward Identities under its Fishouflage trademark. These products, bearing Outdoor Identities' trademarks and copyrighted images are sold throughout the United States. The defendants are former licensed manufactures of Outdoor Identities and former licensees of the Fishouflage trademark. Outdoor Identities alleges that it terminated the licensing agreement with the defendants as a result of defendants' breach. Despite the termination of the agreement, defendants have continued to operate a website with a domain name FishouflageApparel.com and sell merchandise under the Fishouflage name.

The case has been before the Court on several previous occasions on Outdoor Identities' motion to compel discovery and for sanctions for defendants' failure to comply. The Court has imposed a sanction for defendants' failure to comply and has warned defendants that a further violation could result in a default judgment. Defendants have apparently still failed to comply with the Court's last order directing them to respond to Outdoor Identities' discovery requests, instead requesting an extension of time due to Hurricane Isaac, which occurred more than a month ago. That request remains pending.

On September 28, 2012, Outdoor Identities filed a renewed motion for sanctions and for an injunction, with a request for emergency consideration. On October 3, 2012, the Court conducted a telephone hearing on plaintiff's motion, and heard argument from the parties. The Court set the motion for further argument on October 12, 2012, at 10:00 a.m., but indicated it may grant such relief as may be appropriate prior to that time based on the arguments of counsel and the record as it now stands. Having considered the matter further, the Court concludes that immediate relief should be granted to avoid further and irreparable harm to plaintiff.

Plaintiff has requested an injunction requiring that defendants immediately transfer to plaintiff the domain name FishouflageApparel.com. In support of its request, plaintiff has produced evidence that defendants continue to operate a website under the Fishouflage domain name, but have done so in a way that is causing severe and irreparable damage to the good will of plaintiff's business, its trademark and its products. The damage is the result of defendants' failure to fill paid orders that are placed at the website for Fishouflage products. Customer complaints to the defendants are left unanswered, except as to those customers who eventually contact Outdoor Identities. Outdoor Identities has been filling those orders at its own expense in order to mitigate damages to the Fishouflage brand. Outdoor Identities' assertions are well supported by the

Declaration of Paul Bernegger, its founding member, and the attached exhibits. In fact, Outdoor Identities' assertions are also supported by the declaration of defendant John T. Marquez, Jr., the managing member of the three defendant LLCs, that was filed in opposition to Outdoor Identities' previous motion for sanctions. Marquez claims he has been unable to gather records in response to Outdoor Identities' discovery requests because he is the only person operating the businesses. He states:

> I am doing the best that I can to promptly provide all of the requested discovery given the fact that I am attempting to maintain my business enterprise, which has been subject to great financial and commercial distress as a result of the plaintiff's actions as alleged in the amended counterclaim. I currently have no employees, and thus am personally responsible for running the enterprise and collecting the information and documents responsive to the discovery.

(ECF. No. 31, ¶ 2.) The discovery requests were served on Marquez on May 11, 2012. Five months later, Outdoor Identities is still waiting for him to comply. If Marquez is unable to respond to Outdoor Identities' discovery requests in five months, it only stands to reason that he is unable to properly operate his business.

From the record before me, I find that Outdoor Identities has shown a high likelihood of success on the merits of its trademark infringement and related claims. Indeed, Outdoor Identities has a strong argument that defendants' answer should be stricken and a default judgment entered as a sanction. I also find that Outdoor Identities is suffering irreparable harm from the damage to its goodwill and trademark as a result of defendants failure to fill orders placed with them via their website. Such harm will only increase as the Christmas shopping season draws near. Outdoor Identities has no other remedy at law, and the public will be best served by entry of an immediate injunction transferring the Fishouflage domain name to Outdoor Identities so as to avoid further damage and confusion.

Based upon the foregoing findings, **IT IS HEREBY ORDERED** that the domain name FishouflageApparel.com shall immediately be transferred to the plaintiff, Outdoor Identities, Inc. Because the evidence indicates the defendants will suffer no harm, but instead damages will be mitigated, no bond shall be required. The balance of Outdoor Identities' motion is taken under advisement and will be addressed at the hearing set for October 12, 2012.

Dated this   4th   day of October, 2012.

> BY THE COURT:
>
>  s/ William C. Griesbach
> William C. Griesbach
> U.S. District Judge